UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NITA LAMBERT,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>UNITED STATES POSTMASTER GENERAL<br>PATRICK R. DONAHOE,<br>    *Defendant*. | )<br>)<br>)<br>)    1:09-cv-01212-JMS-MJD<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Presently before the Court is Defendant Postmaster General Patrick R. Donahoe's[1] Motion for Summary Judgment. [Dkt. 45.] For the reasons set forth herein, the Court **GRANTS** Defendant's Summary Judgment Motion.

## I.
### STANDARD OF REVIEW

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

---

[1] Former Postmaster General John E. Potter was named in Ms. Lambert's Complaint, but he has retired during the pendency of this matter. Under F.R.C.P. 25(d), his successor Patrick R. Donahoe is automatically substituted for him.

As the current version Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. Pro. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. Pro. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. Pro. 56(e).

The Court need only consider the cited materials, Fed. R. Civ. Pro. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson v. Cambridge Indus.*, 325 F.3d 892, 898 (7th Cir. 2003). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id*. at 901.

The key inquiry, then, is whether admissible evidence exists to support a plaintiff's claims or a defendant's affirmative defenses, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). And when evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and

resolve "any doubt as to the existence of a genuine issue for trial . . . against the moving party." *Celotex*, 477 U.S. at 330.

## II.
### BACKGROUND

The facts viewed in the light most favorable to Plaintiff Nita Lambert, the non-moving party, are as follows. Ms. Lambert was hired in 1998 by the United States Postal Service ("USPS") as a mail handler on the low-cost machine. [Dkt. 56 at 3.] Her duties included stacking mail, placing mail onto a transport belt, and lifting trays of mail that weighed up to 90 pounds. [Dkt. 56 at 3; Dkt. 57-2 at 5.] In July 2006, she suffered a shoulder injury while lifting a tray from the mail handler's belt, and she was placed on medical leave until October of that year. [Dkt. 56 at 3.]

When Ms. Lambert returned to work, she was placed under the following medical restrictions: no lifting in excess of five pounds and no work in excess of six hours. [Dkt. 56 at 4.] Due to her disability, she could no longer perform the duties of a mail handler. [Dkt. 56 at 3-4.] Instead, she was placed in the "Patch and Seal" Department, working six hours per day repairing damaged mail. [Dkt. 56 at 4.]

Ms. Lambert worked in Patch and Seal until August 2007, when she began working the "Reject Belt." [*Id.*] By October of that year, Ms. Lambert's condition had worsened. [*Id.*] Her doctor gave her the following work restrictions: no repetitive activities with her left arm; no lifting more than five pounds, occasionally; no overhead activities; no pushing or pulling; and no work in excess of six hours per day. [*Id.*] In early November 2007, Ms. Lambert was placed "off the clock," which is an off-duty status during which an employee may obtain disability compensation through the Injury and Compensation Department. [Dkt. 56 at 4, 9.]

3

In December 2007, Ms. Lambert received a limited-duty job for the Reject Belt. [Dkt. 56 at 5.] She did not accept this offer because she believed it was beyond her restrictions. [*Id*.] Two days later, she received an offer for a limited-duty job in Patch and Seal. [*Id*.] She declined this offer as well, believing it was beyond her restrictions. [*Id*.]

In June 2008, Ms. Lambert had surgery on her shoulder. [Dkt. 56 at 6.] By early September of that year, her doctors permitted her to return to work with a lifting restriction of no more than one or two pounds below the shoulder level on the left. [Dkt. 56 at 7.] She was subsequently placed in a limited-duty Patch-and-Seal position. [*Id*.]

In January 2009, Ms. Lambert's restrictions were updated as follows: no lifting above ten pounds below the waist, five to seven pounds between the waist and head, and two to three pounds above the head. [Dkt. 56 at 7.] Ms. Lambert told her supervisor of her updated restrictions, and she soon received an offer to work the modified limited-duty job of "Flat Sorter," which she accepted. According to Ms. Lambert, about 20% of the Flat Sorter duties included "heavier lifting." [Dkt. 56 at 8.] Ms. Lambert was able to perform 75-80% of the "Flat Sorter" duties. [*Id*.]

Also in early 2009, Ms. Lambert's doctors approved her to work more than 40 hours per week within her medical restrictions, and she signed the list of employees who wanted available overtime. [*Id*.] When she was bypassed for overtime, Ms. Lambert filed an Equal Employment Opportunity Commission ("EEOC") claim alleging that her manager Elizabeth Sanford had discriminated against her. [Dkt. 56 at 9.] Ms. Sanford became aware of Ms. Lambert's EEOC claim on May 28, 2009. On June 10, 2009, Ms. Sanford placed Ms. Lambert "off the clock." [*Id*.] In explanation for her decision, Ms. Sanford stated that Ms. Lambert's supervisor had advised that Ms. Lambert's co-workers on the Flat Sorter were no longer willing to perform the

4

heavy lifting for Ms. Lambert and that Ms. Lambert could not perform the heavy lifting herself. [*Id.*; dkt. 46 at 11.] Ms. Lambert was subsequently placed in a compensated, vocational rehabilitation program. [Dkt. 56 at 11.]

Ms. Lambert now claims that the USPS failed to provide reasonable accommodations for her. She further claims that the USPS retaliated against her by not providing her with overtime work and placing her off the clock.[2] The USPS now seeks summary judgment. [Dkt. 46.]

## III.
### DISCUSSION

Ms. Lambert has sued the USPS under the Rehabilitation Act, alleging a failure to accommodate her disability. Ms. Lambert has also brought suit for retaliation. The Court will examine each claim in turn.

**A. Claim for Failure to Accommodate**

Failure-to-accommodate claims under the Rehabilitation Act undergo the same analysis as do similar claims under the American with Disabilities Act ("ADA"), and courts consider ADA standards when evaluating a claim under the Rehabilitation Act. 29 U.S.C. § 794(d); *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003). To succeed on a claim of failure to accommodate, an employee must show that (1) she is a qualified individual with a disability; (2) the employer was aware of the disability; and (3) the employer failed to reasonably accommodate the employee's disability. *Mobley v. Allstate Insurance Company*, 531 F.3d 539 (7th Cir. 2008).

---

[2] By addressing only these two claims in response to the USPS's motion for summary judgment, Ms. Lambert has abandoned any other claims alleged in her Complaint. *See* Fed. R. Civ. P. 56(e); *Palmer v. Marion County*, 327 F.3d 588-597-98 (7th Cir. 2003) (holding that claims not addressed in response to summary judgment are deemed abandoned).

5

Because the USPS concedes knowledge of Ms. Lambert's disability, the second step is not at issue. In support of summary judgment, however, the USPS argues that Ms. Lambert is not a qualified individual and that she was also not denied reasonable accommodations. [Dkt. 46 at 12, 17.] The Court agrees.

### 1. The "Qualified Individual" Requirement

In support of summary judgment, the USPS argues that Ms. Lambert is not a qualified individual because she could no longer perform the essential job functions of a mail handler on the low cost machine – namely, stacking mail, placing mail onto a transport belt, and lifting trays of mail that weighed up to 90 pounds. [Dkt. 46 at 14.] Ms. Lambert contends that she satisfies the "qualified individual" requirement because she could perform most of the functions of the limited-duty assignments she was given following her injury. [Dkt. 56 at 16.] Her contention misapprehends the standard.

In *Gratzl v. Office of Chief Judges of 12th, 18th, 19th, & 22nd Judicial Circuits*, 601 F.3d 674, 679 (7th Cir. 2010), the Seventh Circuit recently reiterated that a qualified individual is one who can perform the essential functions of her job with or without reasonable accommodations. To be a qualified individual, an employee must be able to perform the position into which she was hired. *Gratzl*, 601 F.3d at 680. An employer is not required to "strip a current job of its principal duties to accommodate a disabled employee." *Id*. Also, an employer has no duty to reassign an employee to a permanent light-duty position. *Id* (internal citations omitted).

The USPS correctly points out that Ms. Lambert, by her own assertions, does not meet the definition of "qualified individual." [Dkt. 46 at 12-14.] At no point following her 2006 shoulder injury could Ms. Lambert perform the essential job functions of the position into which she was hired – that of a mail handler on the low-cost machine – with or without reasonable

accommodation. [Dkt. 56 at 3-4, 18.] Specifically, Ms. Lambert admits that because of her persistent injury and consequent medical restrictions, she "could not do the heavy lifting" required of a mail handler. [Dkts. 56 at 18; 57-3 at 21-22.] Ms. Lambert claims neither that a reasonable accommodation existed that would allow her to return to that original position nor that the USPS denied her such an accommodation.[3]

While Ms. Lambert's brief in opposition to summary judgment makes much of whether certain other limited-duty positions were offered to or refused by her, [dkt. 56 at 16], these facts have no bearing on issue of the "qualified individual" requirement. The USPS has no obligation to place Ms. Lambert is a permanent limited-duty position. *Gratzl*, 601 F.3d at 680. To survive summary judgment, Ms. Lambert must do more than just point out a disagreement between the parties; she must demonstrate that the disputed issue is "material." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). *See also Warner v. City of Terre Haute*, 30 F.Supp.2d 1107, 1117 (S.D. Ind. 1998); ("Not every disputed fact is material; it is only material if it might affect the outcome of the suit in light of the substantive law"). The limited-duty position offers, acceptances or rejections are immaterial to the issue of whether Ms. Lambert was capable of performing the essential duties of her position.

Because the undisputed facts show that Ms. Lambert was not able to perform the essential duties of her original position with or without reasonable accommodations, she is

---

[3] In her initial response on summary judgment, Ms. Lambert alludes to a "65% rule" allegedly followed by the USPS regarding limited-duty positions. [Dkt. 56 at 16.] On surreply, she correctly acknowledges that "a dispute about a contract with the local union is not material or relevant to this case," [dkt. 66 at 1], but persists in arguing that only 65% of the limited-duty job functions are considered essential. At issue, however, is whether Ms. Lambert could perform the essential job functions of her original assignment with or without accommodation, not a limited-duty position provided for her. *See Gratzl,* 601 F.3d at 680 (holding that an employer has no duty to reassign an employee to a permanent limited-duty position); *Basith v. Cook County*, 241 F.3d 919, 930 (refusing to punish an employer for going beyond the requirements of the ADA). Accordingly, the Court deems this argument without merit.

therefore not a qualified individual. *Gratzl*, 601 F.3d at 680. Accordingly, the USPS is entitled to summary judgment on this issue

### 2. Providing Reasonable Accommodation

Even if Ms. Lambert were a qualified individual, summary judgment would still be appropriate because she has not demonstrated that the USPS denied her reasonable accommodations.

The ADA requires an employer to "mak[e] reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual." 42 U.S.C. § 12112(b)(5)(A). An employer may be deemed in violation of the Act only if an employee can establish that reasonable accommodations exist that would have enabled the employer to perform the essential functions of his/her job and that the employer denied the employee those reasonable accommodations. *Garg v. Potter*, 521 F.3d 731, 736 (7th Cir. 2008).

An employer has no duty to reassign an employee to a permanent limited-duty position. *Gratzl*, 601 F.3d at 680, and the Seventh Circuit has held that an employer may not be punished for going beyond the obligations of the ADA. *Winfry v. City of Chicago*, 259.F.3d 610, 616; *see also Basith*, 241 F.3d at 930 (refusing to punish an employer for going beyond the requirements of the ADA by requiring the employer to maintain more unnecessary accommodation). Furthermore, the Seventh Circuit has held that requiring another employee to perform a portion of the essential job functions is not a reasonable accommodation. *See Cochrum v. Old Ben Coal Co.*, 102 F. 3d 908, 912 (7th Cir. 1996) ("We cannot agree that [an employee] would be performing the essential functions of his job with a helper.")

Ms. Lambert has not shown that she either requested or was denied reasonable accommodations to perform her original position of mail handler on the low-cost machine.

Indeed, the undisputed facts prove that she is unable to return to that position because "the heavy lifting" exceeds what she can perform under her restrictions. [Dkt. 56 at 18.] Again, in her brief opposing summary judgment, Ms. Lambert discusses at length disputes between the parties over offers, acceptance, and rejection of various limited-duty positions, [dkt. 56 at 17-20], but she fails to present evidence that a reasonable accommodation existed that would have enabled her to perform the essential job functions of her position and that she was denied those accommodations by the USPS. Her argument focuses instead on the factual dispute of whether her co-workers agreed or refused to perform the heavy-lifting function of the limited-duty Flat Sorter that she was unable to perform herself. [Dkt. 56 at 17.] Disputes about these facts, however, have no bearing on the outcome of the failure-to-accommodate claim and do not allow Ms. Lambert to survive summary judgment. *Outlaw*, 259 F.3d at 837.

Ms. Lambert has not shown that she was denied reasonable accommodations that would have allowed her to perform her essential job functions. Accordingly, the USPS is entitled to summary judgment, and the Court grants its motion on the failure-to-accommodate claim.

**B. Ms. Lambert's Retaliation Claim**

Ms. Lambert also alleges that the USPS, in not providing her with overtime hours and in placing her off the clock, retaliated against her because of her then-pending EEOC claim. [Dkt. 56 at 21.] The USPS argues on motion for summary judgment that Ms. Lambert has not presented a prima-facie case for retaliation, and that even if she had, she has failed to rebut her manager Ms. Sanford's stated, nondiscriminatory reason for the decisions. [Dkts. at 46 at 29; 63 at 18.] To establish a prima-facie case for retaliation, Ms. Lambert points to the timing of Ms. Sanford's actions and the parties' dispute about whether there were available positions Ms. Lambert was able and willing to accept. [Dkt. 56 at 22.]

### 1. Prima-facie Showing and Burden-Shifting Analysis

A plaintiff may establish a claim for retaliation by either the direct or indirect method of proof. *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). While direct evidence "essentially requires an admission by the decision-maker that his actions were based upon the prohibited animus," *id* (internal citations omitted), circumstantial evidence may also suffice under the direct method when a plaintiff provides proof of "ambiguous statements, suspicious timing, discrimination against other employees, and other pieces of evidence none conclusive in itself but together composing a convincing mosaic of discrimination." *Zafar Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 527 (7th Cir. 2008) (internal citations omitted).

Under the indirect method, a plaintiff must provide evidence of the following:

(1) after lodging the complaint about discrimination,
(2) only [she], and not similarly situated employees who did not complain, was
(3) subjected to an adverse employment action even though
(4) [she] was performing [her] job in a satisfactory manner.

*Hancock v. Potter*, 531 F.3d 474, 480 (7th Cir. 2008) (internal citations omitted).

Following the plaintiff's prima-facie showing for retaliation, the burden shifts to the defendant employer to provide evidence of a legitimate reason for its action. Subsequently, the burden shifts back to the plaintiff to show that the stated reason was merely a cover for the retaliation. *Rogers*, 320 F.3d at 754. "If the defendant presents unrebutted evidence of a noninvidious reason for the adverse action, he is entitled to summary judgment." *Id.* at 755.

In her brief, Ms. Lambert discusses only direct proof of Ms. Sanford's alleged retaliation, pointing to pieces of circumstantial evidence she argues amounts to a "convincing mosaic." [Dkt. 56 at 20.] Specifically, she points to the timing of Ms. Sanford's actions, a dispute about whether co-workers were willing to help her perform the duties of limited duty assignment, and

the parties' disagreement about whether there were positions available that Ms. Lambert was able and willing to accept. [Dkt. 56 at 22.] While the Court won't definitively conclude that such circumstances are convincing, it will allow Ms. Lambert a generous benefit of all inferences, and assume she had made a prima facie case by direct evidence.

However, since Ms. Sanford has provided a nondiscriminatory basis for her action– that Ms. Lambert's supervisor told her that the employees who had previously helped with lifting were no longer willing to do so – Ms. Lambert has the additional burden of rebutting that explanation. *Rogers*, 320 F.3d at 754. She has failed to do so.

Ms. Lambert provides no rebuttal to Ms. Sanford's nondiscriminatory explanation for her actions besides the unsupported assertion that the stated reason is "simply not true." While in other sections of her brief she references affidavits from her coworkers stating that they neither agreed to help her nor reneged on an agreement to help her, she fails to respond to Ms. Sanford's stated explanation of relying on what Ms. Lambert's supervisor had reported. Without providing evidence to rebut what Ms. Sanford claims to have believed at the time of the decision, Ms. Lambert has not carried her burden. *See Plair v. E.J. Brach & Sons*, 105 F.3d 343, 384-349 (7th Cir. 1997) (finding summary judgment appropriate when a plaintiff fails to provide rebuttal evidence challenging "whether the employer's reasons for its decisions are honest and genuinely motivated").

By not rebutting Ms. Sanford's nondiscriminatory explanation for her decisions, Ms. Lambert has failed to show why the USPS is not entitled to summary judgment on the matter. Therefore, the Court **GRANTS** summary judgment for the USPS on Ms. Lambert's retaliation claim.

## IV.
### CONCLUSION

Ms. Lambert has not established that she was a "qualified individual" with a disability under the ADA, and even if she were a qualified individual, the USPS did not fail to provide reasonable accommodations for her. Furthermore, she has rebutted her employer's nondiscriminatory explanations. Therefore, the Court **GRANTS** Defendant's Summary Judgment Motion. [Dkt. 45.] Final judgment will issue accordingly.

10/07/2011

*Hon. Jane Magnus-Stinson, Judge*
*United States District Court*
*Southern District of Indiana*

**Distribution by ECF only:**

Gregory A. Stowers
STOWERS & WEDDLE
626 N. Illinois Street
Suite 201
Indianapolis, IN 46204
gstowers@swh-law.com

Shelese Woods
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, IN 46204
shelese.woods@usdoj.gov